J-S07043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES EDWARD ALSTON | : | |
| | : | |
| Appellant | : | No. 1154 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 23, 2021
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0000439-2020

BEFORE: OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED: MARCH 10, 2022**

James Edward Alston (Alston) appeals from the June 23, 2021 judgment of sentence imposed by the Court of Common Pleas of Beaver County (trial court) following his *nolo contendere* plea to sexual abuse of children, possession of child pornography, unlawful contact with a minor, obscene and other sexual materials and performances, and criminal use of a communication facility.[1]  Alston's counsel has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), and a petition for leave to withdraw as counsel.  We grant the petition to withdraw and affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6312(b)(1), 6312(d), 6318(a)(4), 5903(c)(1) & 7512(a).

We glean the following facts from the certified record. In October 2019, law enforcement obtained a warrant to search Alston's residence and cell phone and discovered images and videos of child pornography. The victim was a 13-year-old female who attended Alston's church. She said that she had known Alston for many years and that approximately one year earlier, he provided her with a cell phone and asked her to send him photos of herself naked and performing various sexual acts. Alston provided her with money and candy in exchange for the images. On several occasions, Alston sent her videos of himself engaging in sexual acts with other people.

Alston was charged by criminal information with five counts each of sexual abuse of children and possession of child pornography and one count each of unlawful contact with a minor, obscene and other sexual materials and performances, and criminal use of a communication facility. He entered the above-described open plea and the Commonwealth withdrew the remaining charges. Sentencing was deferred for a presentence investigation and report (PSI) and an evaluation by the Sexual Offenders Assessment Board (SOAB).

At sentencing, the parties discussed discrepancies in Alston's Prior Record Score (PRS) based on a Pennsylvania State Police (PSP) background check and the number the probation office had calculated in the PSI.[2] The

---

[2] The probation office had reported convictions from the 1990s that did not appear on the PSP's report. In addition, the Commonwealth argued that one of Alston's convictions in 1990 for aggravated assault was improperly listed
*(Footnote Continued Next Page)*

trial court used the PRS of 1 and placed the following sentencing guideline ranges on the record: based on an Offense Gravity Score (OGS) of 9, the standard range for counts 1 and 6 was 18 to 30 months of incarceration; based on an OGS of 6, the standard range for count 11 was 6 to 14 months of incarceration; and based on an OGS of 5, the standard range for counts 12 and 13 was 1 to 12 months of incarceration.

The trial court stated that it had reviewed the PSI, which included an impact statement from the victim's mother. It noted that the SOAB had opined that Alston was not a sexually violent predator. The Commonwealth did not present any additional evidence.

Alston's two adult daughters testified on his behalf. They testified similarly that their father had been a positive influence in their lives, was a pillar of his community and had raised them with strong moral values. They described him as a good grandfather to their children. They both said he had suffered from depression and anxiety because of the charges and that he had expressed remorse and intended to learn from his mistakes.

Alston testified that he was currently retired but worked part-time as an office sanitizer. He had previously worked at Walmart and as a truck driver.

_____

as a first-degree misdemeanor instead of a second-degree felony. The trial court also identified misdemeanor convictions from 1995, 1997 and 1998 and an additional felony conviction. Even though Alston's PRS had been calculated as a 1 during the pre-trial proceedings and negotiations, the Commonwealth argued that it should be at least a 2.

He said that he had been addicted to drugs, primarily crack cocaine, for 17 years but had been sober since 1999. He currently lived alone and supported himself. He apologized to the victim and her family and said that he hoped his own family would be able to recover and learn from his mistakes.

Alston's attorney argued that he had cooperated with the investigation by turning over electronic devices to law enforcement and providing his passwords. He had several health issues and had undergone back and neck surgery in the past. He previously used painkillers to treat his injuries but was not currently. The trial court asked Alston about a therapeutic assessment report prepared for sentencing which indicated that he continued to use painkillers and had denied committing the crimes. Alston said that the report was incorrect and that he had always acknowledged his guilt.

The Commonwealth requested a sentence within the standard range of the sentencing guidelines and Alston argued for a sentence of county incarceration or intermediate punishment. After considering the evidence presented at the hearing, the PSI and the assessments and evaluations, the trial court sentenced Alston as follows:

**Ct. 1: Sexual abuse of children** – 2 to 6 years' imprisonment

**Ct. 6: Possession of child pornography** – 2 to 5 years' imprisonment, concurrent to count 1

**Ct. 11: Unlawful contact with a minor** – 1 to 2 years' imprisonment, consecutive to count 1

> **Ct. 12: Obscene and other sexual materials and performances** – 1 to 2 years' imprisonment, concurrent to count 11
>
> **Ct. 13: Criminal use of a communication facility** – 1 to 2 years' imprisonment, concurrent to count 11

The aggregate sentence was 3 to 8 years of imprisonment.

On July 6, 2021, Alston filed a timely[3] post-sentence motion arguing that his convictions for sexual abuse of children and unlawful contact with a minor should have merged for sentencing purposes. He also sought reconsideration of his sentence based on his age, health issues and the 25-year lapse between this conviction and his prior criminal offense. The trial court denied these motions and Alston timely appealed.[4] Counsel filed a statement of intent to file an ***Anders*** brief pursuant to Pa. R.A.P. 1925(c)(4). As a result, the trial court transmitted the record to this Court without filing an opinion pursuant to Pa. R.A.P. 1925(a). Counsel has filed an ***Anders*** brief and an accompanying petition for leave to withdraw as counsel.

_____

[3] A post-sentence motion must be filed within ten days of the imposition of the sentence in open court. Pa. R. Crim. P. 720(A)(1). The tenth day following Alston's sentencing hearing was Saturday, July 3, 2021, and the trial court was closed in observance of the Fourth of July on Monday, July 5. As a result, the post-sentence motion filed on Tuesday, July 6, 2021, was timely. ***See*** 1 Pa.C.S. § 1908.

[4] The trial court granted trial counsel's motion to withdraw and appointed new counsel to represent Alston on appeal.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Martuscelli**, 54 A.3d 940, 947 (Pa. Super. 2013). Procedurally, counsel must: (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013). Substantial compliance with these requirements is sufficient to permit withdrawal. **Commonwealth v. Reid**, 117 A.3d 777, 781 (Pa. Super. 2015).

While his application to withdraw is sparse, on the whole, Counsel has substantially complied with these procedural mandates. Counsel's brief avers that he reviewed the entire record and concluded that the instant appeal is frivolous. He served a copy of the brief and petition to withdraw on Alston and attached a copy of the letter he sent to Alston to the petition filed in this Court. **See Commonwealth v. Woods**, 939 A.2d 896, 900 (Pa. Super. 2007) (noting that counsel must attach to their withdrawal petition a copy of the letter sent to the client). The letter informed Alston that he has the right to hire private counsel or file a *pro se* brief. Alston has not filed a response or retained private counsel to represent him.

We now examine the substantive elements of the **Anders** brief. The brief accompanying the petition to withdraw must: (1) provide a summary of the procedural history and facts with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. **See Santiago**, **supra**, at 361. Counsel's **Anders** brief summarizes the factual and procedural history, identifies four potential issues, and outlines the legal and factual analysis that led counsel to conclude that any appeal would be frivolous. Because counsel has complied with the procedural and substantive requirements of **Anders**, we now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, **supra**, at 355 n.5.

"A plea of guilty forecloses challenges to all matters except the voluntariness of the plea, the jurisdiction of the court, or the legality of the sentence." **Commonwealth v. Stewart**, 867 A.2d 589, 591 (Pa. Super. 2005). Additionally, a defendant who enters an open plea may challenge the discretionary aspects of the sentence. **Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa. Super. 2005). Counsel correctly notes that all crimes charged in this case were alleged to have occurred in Beaver County, where Alston resides. Accordingly, there is no non-frivolous challenge to the jurisdiction of the trial court to adjudicate the claims. **See** 42 Pa.C.S. § 931(a)

(jurisdiction of the courts of common pleas); ***Commonwealth v. Arcelay***, 190 A.3d 609, 614 (Pa. Super. 2018) ("[A]ll courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code." (citation omitted, alteration in original)). Similarly, a defendant must preserve a challenge to the validity of his plea by filing a motion to withdraw the plea or raising an objection on the record. ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 468-69 (Pa. Super. 2017). Here, Alston never challenged the validity of his plea in the trial court, so any such challenge on appeal is waived and wholly frivolous.

Next, we consider the legality of Alston's sentence. There is no dispute that the sentences the trial court imposed were well within the statutory maximums for each of the offenses. However, Alston argued in his post-sentence motion that the charges of sexual abuse of children and unlawful contact with a minor should have merged for sentencing purposes. "A claim that crimes should merge for sentencing purposes raises a non-waivable challenge to the legality of the sentence; thus, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Edwards***, 256 A3d 1130, 1136 (Pa. 2021). Offenses merge when "the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S. § 9765.

Alston's offenses cannot merge because they are not based on the same criminal act and neither offense contains all elements of the other. Sexual

abuse of children required proof that Alston "cause[d] or knowingly permit[ed] a child under the age of 18 years to engage in a prohibited sexual act. . . if such person knows, has reason to know or intends that such act may be photographed, videotaped, depicted on computer or filmed." 18 Pa.C.S. § 6312(b)(1). In support of this offense, at the plea hearing, the Commonwealth asserted that Alston gave the victim a cell phone and induced her to take and send photos and videos of herself naked and performing sexual acts in exchange for money and candy.

In contrast, the crime of unlawful contact with a minor required proof that Alston intentionally contacted the victim for the purpose of engaging in the crime of obscene and other sexual materials and performances, *i.e.*, knowingly disseminating an image or video depicting nudity, sexual conduct or sadomasochistic abuse to a minor. 18 Pa.C.S. §§ 6318(a)(4), 5903(c)(1). In support of this charge, it asserted that Alston had sent videos of himself engaged in sexual acts to the victim. This conduct was distinct from Alston's requests that the victim provide him with images and videos of herself and required factual proof of elements not present in the crime of sexual abuse of children. Accordingly, the crimes do not satisfy the two-part test for merger and any challenge to the legality of his sentence on these grounds is frivolous. ***See*** 42 Pa.C.S. § 9765.

Finally, though it was not addressed by counsel, we consider whether the trial court abused its discretion in denying Alston's post-sentence motion

for reconsideration of his sentence.[5]  Even though counsel did not include a statement pursuant to Pa. R.A.P. 2119(f) in his brief raising a substantial sentencing question for our review, "when direct appeal counsel has filed an *Anders* brief and is requesting permission to withdraw from representation, this Court may overlook certain procedural deficiencies in appellate court filings to ensure that *Anders* counsel has not overlooked non-frivolous issues." *Commonwealth v. Cox*, 231 A.3d 1011, 1016 (Pa. Super. 2020). Accordingly, we proceed to consider whether Alston preserved a substantial question regarding the appropriateness of his sentence.

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa. Super. 2018) (citation omitted).  An appellant must preserve his claims at the time of sentencing or in a post-sentence motion, file a timely notice of appeal, include a statement

---

[5] Our standard of review is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Wallace*, 244 A.3d 1261, 1278–79 (Pa. Super. 2021) (citation omitted).

of reasons for allowance of appeal pursuant to Pa. R.A.P. 2119(f) in his brief, and raise a substantial question for review. *Id.* Here, Alston filed a timely post-sentence motion seeking a reduction of the sentence and a timely notice of appeal. Thus, we consider whether he has raised a substantial question.

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Clarke*, 70 A.3d 1281, 1286–87 (Pa. Super. 2013) (citation omitted). "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (citation omitted, alteration in original).

In his post-sentence motion, Alston requested reconsideration "based upon his age, health, and lack of criminal history." Post-Sentence Motion, 7/6/21, at ¶ 12. He stated that he would soon turn 70 years old and suffered from multiple health problems, "including hypertension and prostate issues that require medication and careful monitoring." *Id.* at ¶ 13. Finally, he pointed out that prior to the instant case, he had not been charged criminally since 1996.

Alston's post-sentence motion simply restated mitigating factors he had presented at the sentencing hearing as a basis for a reduction in his sentence.

He did not claim that the trial court had not properly considered those factors at sentencing or that it had otherwise failed to comply with the Sentencing Code or abide by the fundamental norms underlying the sentencing process. *Conte*, *supra*. A bald claim that the trial court did not give adequate consideration to mitigating factors does not raise a substantial question for our review.[6] *Disalvo*, *supra*. Accordingly, any challenge to the discretionary aspects of his sentence is frivolous.

Moreover, after independently reviewing the record, we conclude that there are no additional non-frivolous issues that may support the appeal. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the *Anders* procedure requires this Court to first review the issues raised by counsel and then review the entire record "to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated").

Petition to withdraw granted. Judgment of sentence affirmed.

---

[6] Additionally, we note that the trial court imposed a sentence within the standard range of the sentencing guidelines following a hearing in which it received Alston's witnesses, heard Alston's allocution, gave Alston the benefit of a lower PRS when there were ambiguities in his criminal history and considered a PSI. Under these circumstances we discern no abuse of discretion in the trial court's 3-to-8-year sentence of incarceration. *See Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa. Super. 2019).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2022